MICHAEL C. BAUM (SBN 65158)
E-Mail: mbaum@rpblaw.com
ANDREW V. JABLON (SBN 199083)
E-Mail: ajablon@rpblaw.com
STACEY N. KNOX (SBN 192966)
E-Mail: sknox@rpblaw.com
RESCH POLSTER & BERGER LLP
1840 Century Park East, 17th Floor
Los Angeles, California 90067
Telephone: 310-277-8300
Facsimile: 310-552-3209

Attorneys for Plaintiff
Fabric Selection, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABRIC SELECTION, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NATVAN, INC., a California corporation; CORNERSTONE APPAREL, INC. d/b/a PAPAYA CLOTHING, a California limited liability company, and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No. 2:16-CV-04520<br><br>**COMPLAINT FOR:**<br>**(1) COPYRIGHT INFRINGEMENT; AND (2) CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Fabric Selection, Inc. ("**Plaintiff**" or "**Fabric Selection**") hereby alleges as follows:

## PARTIES

1. Plaintiff Fabric Selection is a California corporation organized and existing under the laws of the State of California with its principal place of business located in Los Angeles County.

2. Plaintiff is informed and believes, and based thereon alleges, that defendant Natvan, Inc. ("**Natvan**") is a corporation organized and existing under the laws of the State of California, doing business nationwide, including in this judicial district. Plaintiff is further informed and believes that Natvan is a manufacturer, importer and/or wholesaler of apparel in the business of manufacturing and selling garments and apparel to retailers.

3. Plaintiff is informed and believes, and based thereon alleges, that defendant Cornerstone Apparel, Inc. d/b/a Papaya Clothing ("**Cornerstone**") is a corporation organized and existing under the laws of the State of California, doing business nationwide, including within this judicial district. Plaintiff is further informed and believes that Cornerstone operates retail stores, including Papaya stores, which are in the business of selling garments, apparel, and other goods to consumers.

4. Plaintiff is informed and believes, and based thereon alleges, that defendants DOES 1 through 10, inclusive, have infringed Plaintiff's Copyrights, have contributed to infringement of Plaintiff's Copyrights, and/or engaged in one or more of the wrongful practices alleged herein. The true names of DOES 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

5. Hereinafter defendants Natvan, Cornerstone, and DOES 1 through 10, inclusive, shall be referred to collectively as "**Defendants**."

## JURISDICTION AND VENUE

6. This action arises under the Copyright Act of 1976, Title 17 U.S.C. §101 *et seq*.

7. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and §1338(a).

8. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

## THE COPYRIGHTED DESIGN

9. Fabric Selection is the author of, and copyright holder in, the original print design which it has internally designated as SE40412 (the "**Design**"). Attached hereto as Exhibit "1" is a true and correct copy of the Design.

10. On or about April 19, 2014, Fabric Selection obtained a Certificate of Registration for the Design from the United States Copyright Office, bearing registration number VAu 1-164-835. Attached hereto as Exhibit "2" is a true and correct copy of the Certificate of Registration for the Design (the "**Copyrighted Design**").

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement – Against All Defendants)

11. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 10 hereinabove, and incorporates them by reference as if fully set forth herein.

12. Within the last three years, Defendants have manufactured and/or sold fabric and/or garments upon which were unauthorized reproductions of the Copyrighted Design (the "**Infringing Goods**").

13. Defendants have licensed, manufactured, sold and/or offered for sale the Infringing Goods to customers, including retailers and consumers, throughout the United States, including within this judicial district.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

14. Attached hereto as Exhibit 3, collectively, are true and correct copies of: (a) a photographic image of one of the garments manufactured and/or sold by Defendants containing an unauthorized reproduction of the Design; and (b) a close up of the design on said garment. For the Court's convenience, the following is a side-by-side comparison of Plaintiff's Design and the design affixed to the subject garment:

| Design | Garment |
|---|---|



15. On or around January 12, 2016, Fabric Selection sent cease and desist letters to Natvan and Cornerstone, demanding that they immediately discontinue their unauthorized manufacture, sale and distribution of the Infringing Goods, and requesting that they provide certain information regarding their manufacture and sale of the Infringing Goods.

16. By Defendants' knowingly unauthorized licensing, manufacture, offering for sale and/or sale of the Infringing Goods, Defendants have infringed on Plaintiff's Copyright in the Design.

17. Plaintiff is without adequate remedy at law to prevent the wrongful acts of Defendants herein set forth, and said acts of Defendants have resulted and will result in irreparable damage to Plaintiff unless Defendants' acts of infringement are enjoined by this Court.

18. Defendants' intentional infringing activities have continued and will continue to the detriment of Plaintiff, and loss and injury to Plaintiff's business in an amount not presently ascertainable, and threaten to increase such loss and injury unless such activities are enjoined by this Court and Defendants are required to recall and destroy all Infringing Goods.

19. By reason of the acts of Defendants alleged herein, Plaintiff has suffered actual damages in an amount subject to proof at trial.

20. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Design. Pursuant to the Copyright Act, Plaintiff is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of the Design in an amount subject to proof at trial. Plaintiff is further entitled to recover its lost profits by virtue of Defendants' acts of infringement, which are subject to proof at trial.

21. Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts of infringement as alleged herein were willful and deliberate. Accordingly, in the event that Plaintiff elects statutory damages, Defendants, and each of them, are subject to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) for each violation.

**SECOND CLAIM FOR RELIEF**

**(Contributory Copyright Infringement – Against All Defendants)**

22. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21 hereinabove, and incorporates them by reference as if fully set forth herein.

23. Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, knowingly induced, participated in, aided in, and

profited from the illegal reproduction of Plaintiff's Design and/or subsequent sale of the Infringing Goods, as alleged above.

24. By Defendants' unauthorized duplication of the Design, and by their offering and accepting for sale and sale of the Infringing Goods, Defendants, and each of them, have infringed Plaintiff's Copyright in the Design.

25. Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts of infringement as alleged herein were willful and deliberate.

26. By reason of Defendants' acts of contributory copyright infringement as alleged herein, Plaintiff is without adequate remedy at law to prevent the wrongful acts of Defendants herein set forth, and said acts of Defendants have resulted and will result in irreparable damage to Plaintiff unless Defendants' acts of infringement are enjoined by this Court.

27. Defendants' infringing activities have continued and will continue to the detriment of Plaintiff and loss and injury to Plaintiff's business in an amount not presently ascertainable, and threaten to increase such loss and injury unless such activities are enjoined by this Court and Defendants are required to recall and destroy all Infringing Goods and designs.

28. By reason of the acts of Defendants alleged herein, Plaintiff has suffered actual damages in an amount subject to proof at trial.

29. Due to Defendants' acts of contributory copyright infringement, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of the Design in an amount subject to proof at trial. Plaintiff is further entitled to recover its lost profits by virtue of Defendants' acts of infringement, which are subject to proof at trial.

30. Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts of infringement as alleged herein were willful and deliberate.

Accordingly, in the event that Plaintiff elects statutory damages, Defendants, and each of them, are subject to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) for each violation.

## PRAYER

WHEREFORE, Plaintiff prays for relief against Defendants, and each of them, as follows:

1. For a preliminary injunction and a permanent injunction, restraining Defendants and their agents, servants, employees, and all persons acting under, in concert with, or for them, from using Plaintiff's Design for any purpose, including but not limited to, use of the Design in attempting to sell and/or selling garments.

2. For order requiring the recall and destruction of all garments infringing upon the Design.

3. Actual damages, plus Defendants' profits attributable to Defendants' infringement of the Design and/or contributory infringement of the Design, in an amount subject to proof at trial; or, if elected, statutory damages as available under the Copyright Act.

4. For attorneys' fees where allowed by law.

5. For such further and other relief as the Court deems just and proper.

Dated: June 22. 2016        RESCH POLSTER & BERGER LLP


By: _____/S/_____
MICHAEL C. BAUM
Attorneys for Plaintiff Fabric Selection, Inc.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this action.

Dated: June 22. 2016            RESCH POLSTER & BERGER LLP


By: _____/S/_____
    MICHAEL C. BAUM
    Attorneys for Plaintiff Fabric Selection, Inc.